# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARL EUGENE SPENCER | : |
| Plaintiff | : |
| v | : Civil Action No. RDB-05-1265 |
| STATE OF MARYLAND, *et al.* | : |
| Defendants | : |

. . . . .o0o. . . . .

## **MEMORANDUM OPINION**

Pursuant to this Court's Order of May 25, 2005, Plaintiff has filed an amended Complaint, raising claims of excessive force against Baltimore City Police Detectives Thomas Kramer, Paul Thomas, Stephen Halstead, Craig Duncan, Brian Brennan, and Chris Smith. Also named as Defendants are pre-trial transportation officers Captain Crump, Lieutenant Mints, Captain Scholfield, and Officer Simms. (Paper No. 5). The Clerk will be directed to amend the caption of this case to include these individuals as Defendants.

Plaintiff has also raised a claim against another inmate, Tayvon Caldwell, who allegedly assaulted him. A violation of civil rights, however, must be asserted against a state actor. Specifically, the person charged with the civil rights violation must be: a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. An inmate committing an assault on another inmate is not involved in official conduct, nor is the conduct, without more, attributable to a state official. Thus the claim against Mr. Caldwell shall be dismissed without prejudice.

Finally, Plaintiff alleges civil rights violations by his assigned public defender, because he informed

his attorney of the alleged abuses during his arrest and subsequent pre-trial incarceration, yet his attorney did nothing to assist him.    In the context of Plaintiff's conditions of confinement, the public defender is not a state actor charged with insuring that Plaintiff is not subjected to excessive force or assaults from other inmates.  While an attorney who conspires with state officials to violate constitutional rights acts under color of state law may incur liability, *see Tower v. Glover*, 467 U.S. 914 (1984), there is no allegation of a conspiracy here.  Accordingly, the claims asserted against Jerome James LaCorte of the Public Defender's Office shall be dismissed.

      A separate Order follows.

Date: June 8, 2005

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE