IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL EUGENE SPENCER | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-05-1265 |
| STATE OF MARYLAND, *et al.* | : | |
| Defendants | : | |

. . . . .o0o. . . . .

**MEMORANDUM**

Pending in this case is Defendants' Motion for a More Definite Statement. Paper No. 12. Upon review of the allegations raised, and for the reasons set forth below, the motion will be granted in part and denied in part.

Defendants Thomas Kramer, Stephen Halstead, and Craig Duncan claim that the allegations raised in the amended complaint are so vague and ambiguous they cannot frame an adequate response. Paper No. 12 at p. 2. Plaintiff asserts, *inter alia*, that on November 4, 2004, he was dragged into an alley and beaten by Thomas Kramer, Chris Smith, and Paul Thomas. Paper No. 5 at p. 1. He claims he sustained physical injuries as a result of the beating and required hospitalization at Bon Secours Hospital. *Id*. The allegation of excessive force against Thomas Kramer is not vague. As a *pro se* litigant, Plaintiff is not required to identify the precise constitutional amendment he claims to have been violated.[1] A fair reading of the allegation, however, indicates that he is raising a Fourth Amendment

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*pro se* litigant is entitled to offer proof of claims asserted unless it appears beyond doubt that he can prove no set of circumstances entitling him to relief).

claim.[2] To the extent he intends to allege some other rights violation by this Defendant, Plaintiff is advised to clarify that allegation further.

Plaintiff has raised no specific claims with respect to Stephen Halstead and Craig Duncan. It is unclear why these Defendants were named in the Complaint. Accordingly, Plaintiff will be required to provide this Court with an explanation of the specific allegations against these two Defendants. Plaintiff is forewarned that his failure to provide an adequate explanation will result in the dismissal of the Complaint as to these two Defendants.

Three Defendants named by Plaintiff, Brian Brennan, Chris Smith, and Paul Thomas, have not yet been served because they cannot be identified. Paper No. 9. Plaintiff will be required to provide more information, such as a physical description of each, to assist in identifying these officers. In the event that these Defendants cannot be identified or served, the Complaint will be dismissed without prejudice as to the allegations raised against them.

A separate Order follows.

August 8, 2005              /s/_____
Date                                RICHARD D. BENNETT
                                    UNITED STATES DISTRICT JUDGE

---

[2] *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (claim of excessive force during arrest is analyzed under Fourth Amendment's objective reasonableness standard)